# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **PHILLIP SCHANE** | **CIVIL ACTION NO. 07-1068** |
| VS. | SECTION P |
| **BURL CAIN, WARDEN** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION*

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on behalf of petitioner Philip Schane on October 18, 2007.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary where he is serving the life sentence imposed following his February 21, 1980 conviction for second degree murder in the Sixteenth Judicial District Court, Iberia Parish, Louisiana. Petitioner is represented by two attorneys, Laurie A. White and Autumn Town of New Orleans, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On November 27, 1979, petitioner, was indicted by the Iberia Parish Grand Jury on a charge of first degree murder. He was sixteen years old at the time.  Upon indictment,

petitioner's charges were transferred from juvenile court to the district court. On February 21, 1980, petitioner pled guilty to second degree murder and was sentenced to serve life without benefit of parole.

Petitioner did not appeal his conviction. He apparently did litigate unspecified claims, including a petition for writ of mandamus, in the Sixteenth Judicial District Court and the Supreme Court during the period including 1984 - 1985. See *State of Louisiana ex rel. Phillip A. Schane v. Hon. Robert E. Johnson*, 450 So.2d 666 (La. 1984); *State of Louisiana ex rel. Phillip Andrew Schane v. Hon. Robert E. Johnson*, 475 So.2d 349 (La. 1985).

On or about October 28, 1998, petitioner filed an application for post-conviction relief in the Sixteenth Judicial District Court. In that proceeding petitioner claimed that he was denied equal protection based on the grand jury selection process and that he received ineffective assistance of counsel. Petitioner also claimed that his application was not barred by the timeliness provisions of La. C.Cr.P. art. 930.8. However, on some unspecified date, the application was denied as time-barred by the provisions of La. C.Cr.P. art. 930.8. Petitioner sought review in the Louisiana Supreme Court and on June 18, 1999, the Supreme Court denied his writ application . *State of Louisiana ex rel. Phillip Andrew Schane v. State of Louisiana*, 1999-0342 (La. 6/18/1999), 745 So.2d 619.

On or about February 28, 2005 or March 10, 2005, petitioner filed an Application for *Habeas Corpus* in the Sixteenth Judicial Juvenile Court. He argued that he was denied his right to counsel in the juvenile proceedings; that the City Court judge performed a prosecutorial function during the juvenile proceeding; that the court erred when it failed to appoint a physician

3

or psychiatrist to examine the petitioner; and, that the court erred when it failed to record the juvenile proceeding. The matter was transferred to the Sixteenth Judicial District Court and denied on April 27 or 28, 2005. Petitioner did not seek further review.

On February 27, 2006, petitioner filed another application for post-conviction relief in the Sixteenth Judicial District Court. Through counsel, petitioner argued two claims for relief: (1) "A plea to a ... life sentence by a juvenile offender to avoid a death sentence is an absolute nullity ..." and, (2) "Petitioner was denied his right to effective assistance of counsel ..." [see doc. 1-5, pp. 12- 31]

Following an evidentiary hearing convened on August 25, 2006, the district court denied relief.[1] Petitioner's writ application in the Third Circuit Court of Appeals was transferred to the

---

[1] In denying relief, the trial court reasoned as follows:

Mr. Schane entered his plea of guilty. The death penalty for sixteen year olds was allowed in the State of Louisiana. Had he gone to trial he could have received the death penalty and could have been executed. It was not until the U.S. Supreme Court decided in *Roper* that the death penalty was not constitutional for juveniles, and of course it was given retroactive effect. That retro-activity, I believe, only prohibits the executing of juveniles who have received the death penalty. It doesn't affect those that – it doesn't invalidate the plea bargains of the juveniles who previously faced the death penalty and chose to plead and receive a life sentence rather than taking the chance of being executed.

With regard to looking at this as a contract to see whether there was cause for the contract, well at that time he could have been executed. Twenty years later the Supreme Court decided well he shouldn't have been, but he would have still been executed.

\*     \*     \*

The transcript at the time of the plea indicates that Mr. Schane was in fact examined by the psychiatrist, and Mr. Minvielle obviously felt that there was no basis for continuing with the plea of not guilty by reason of insanity, therefore he recommended to Mr. Schane that he plead guilty to avoid the death penalty which at the time he could have received.

4

Louisiana Supreme Court on December 19, 2006.  On June 15, 2007 the Louisiana Supreme Court denied petitioner's writ application without comment. *State of Louisiana v. Phillip Schane*, 2006-2995 (La. 6/15/2007), 958 So.2d 1188.

Petitioner filed his federal *habeas corpus* petition on June 20, 2007. He argues two claims for relief: (1) "Petitioner's plea agreement is an absolute nullity, in violation of his due process rights guaranteed by the Fifth and Fourteenth Amendments ... and *Roper v. Simmons*, 543 U.S. 551 (2001)." and, (2) "Petitioner was denied his right to due process of law under the Fourteenth Amendment ... and his right to effective assistance of counsel under the Sixth Amendment ... in that trial counsel's ineffectiveness led to a manifest absence of counsel."

*Law and Analysis*

*1. 28 U.S.C. §2244(d)(1)(A) and the "Grace Period"*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for filing *habeas corpus* petitions by persons, like petitioner, who are in custody pursuant to the judgment of a state court.  This

---

\*   \*   \*

> Based on the information that has been introduced and examining ... the record, the court does not find that Mr. Schane received ineffective assistance of counsel in being counseled to enter the plea based on the circumstances and facts that were available at that time. Therefore, I will deny Mr. Schane's petition for post-conviction relief.

[Rec. Doc. 1-4, Exhibit A, pp. 63-65]

limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2] The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Schane, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra*. If the petition is not filed within the one-year grace period, and if otherwise

---

[2] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (D) of §2244(d)(1). Clearly, he has pointed to no state created impediments which prevented him from filing the instant petition. Nor does he suggest the recent discovery of the factual predicate of his claims. To the extent that he maintains that the period of limitations should be reckoned from the date described in subsection (C), that assertion will be addressed in Part 2, below.

6

applicable, the courts should apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2). *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

As shown above, petitioner did not appeal his conviction and sentence. Therefore, petitioner's judgment of conviction and sentence became final in early 1980 when the delays for appeal provided by La. C.Cr.P. art. 914 lapsed.[3] Since his conviction became final prior to the April 1996 effective date of the AEDPA, petitioner must be afforded the one-year grace period. Thus, petitioner had until April, 1997 to file his federal *habeas* corpus petition if the limitations is reckoned in accordance with the provisions of §2244(d)(1)(A). According to the information supplied by petitioner, there was no state post-conviction or other collateral review pending in the Louisiana courts during the grace period between April 1996 and April 1997. As shown above, by his own admission, petitioner did not file his first application for post-conviction relief until October 28, 1998 and by that time the grace period had expired and could not be revived by the filing of his untimely application for post-conviction relief.

In other words, if the AEDPA limitations period is reckoned from the date that petitioner's judgment of conviction became final by the expiration of time for seeking direct review as defined by 28 U.S.C. §2244(d)(1)(A) and the "grace period," as defined by the jurisprudence, petitioner's federal *habeas* petition is time-barred and dismissal on that basis is recommended.

---

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

7

*2. 28 U.S.C. §2244(d)(1)(C) - Newly recognized rights*

Petitioner, however, maintains that the limitations period should be reckoned as provided in §2244(d)(1)(C), from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ..." Thus, petitioner argues that the limitations period should be reckoned from March 1, 2005, the date the United States Supreme Court decided *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

In order for petitioner to obtain the benefits of §2244(d)(1)(C), he must show that the constitutional right he asserts in this *habeas corpus* petition was newly recognized in *Roper*. In *Roper*, the newly recognized constitutional right was the abolition of the death penalty for minors, a claim not advanced by petitioner.[4]

Petitioner, although a minor at the time of the commission of the offense in question, was not sentenced to death and therefore the constitutional right recognized in *Roper* is clearly inapplicable. See *In re Hill*, 437 F.3d 1080, 1082 at fn. 1 (11th Cir. 2006); see also *Culpepper v. McDonough*, 2007 WL 2050970 at *3 (M.D. Fla. 7/13/2007) ("Although *Roper* addresses a new and distinct constitutional right, the *Roper* decision is to be narrowly construed to include capital cases involving death sentences for minors. The constitutional claim in *Roper* sets a clear precedent by abolishing the execution of minors, but it does not particularly address the application of that constitutional claim to mandatory life sentences pertaining to minors."); *Smith*

---

[4] Indeed, petitioner asserts that his guilty plea was an absolute nullity [doc. 6, pp. 9-18] and that his court-appointed trial counsel rendered ineffective assistance of counsel. [Id., pp. 18-28]

8

*v. Howes*, 2007 WL 522697 at *2 (E.D. Mich. 2/14/2007) ("In *Roper*, the Supreme Court held that execution of individuals who were under 18 years of age at the time of their capital crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment. Petitioner is not facing execution. Therefore ... *Roper* ... does not announce a constitutional right newly recognized by the Supreme Court which is relevant to Petitioner's case.").

Although a minor when he committed the crime and a minor at the time of conviction, petitioner was not sentenced to death. For him, *Roper* did not announce a newly recognized constitutional right. He thus cannot rely on the provisions of §2244(d)(1)(C) to calculate the AEDPA period of limitations. The instant *habeas corpus* petition is clearly time-barred by the provisions of 28 U.S.C. §2244(d)(1).  Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 24, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)